# Exhibit "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:

---

ANGELICA JIMENEZ,

                      Plaintiff(s),

         against

TARGET CORPORATION,

                      Defendant(s).

Plaintiff designates
COUNTY OF NEW YORK
As the place of trial
The basis of the venue is
CPLR §503(c)

**SUMMONS**

CPLR §503(c)
28 Liberty Street
County of NEW YORK

---

To the above-named defendant(s)

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's Attorney(s) within 20 days after the service of this summons, excluded of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer a judgment will be taken against you by default for the relief demanded in the complaint.

Date: July 1, 2020

                                      *Mark J. Linder*
                                      Mark J. Linder, Esq.
                                      **HARMON, LINDER & ROGOWSKY**
                                      Attorneys for Plaintiff(s)
                                      3 Park Avenue, Suite 2300
                                      New York, NY 10016

<u>Defendants' address:</u>

TARGET CORPORATION
c/o C T Corporation System
28 Liberty Street
NY, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
ANGELICA JIMENEZ,

        **Plaintiff,**

  -against-            **VERIFIED COMPLAINT**
                   **Index No.:**

**TARGET CORPORATION,**

        **Defendant.**
-------------------------------------------------------------------X

  Plaintiff complaining of the defendant herein, by his attorneys HARMON, LINDER & ROGOWSKY, respectfully sets forth and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

1. That at the time of the commencement of this action defendant Target Corporation was a foreign business corporation that has duly filed its Certificate of Incorporation with the New York State Department of State and has declared the County of New York within the State of New York as its principle place of business in said Certificate. Therefore, pursuant to CPLR §503(c), said county is the proper venue.

2. Defendant TARGET CORPORATION was and still is a foreign business corporation organized in Minnesota and existing under and by virtue of the laws of the State of New York; additionally, said corporation is conducting business in the State of New York.

3. That the location that gave rise to this action was inside the Target Store located upon the lands and premises at 124 East Jericho Turnpike, Huntington Station, in the County of Suffolk and State of New York.

4. That the defendant owned, operated, managed, maintained and controlled a

business that was open to and/or invited members of the public, including the plaintiff, to be its customers and patrons.

5.  That on March 2, 2020 at approximately 9:30 pm while the plaintiff herein was lawfully walking at said location when the plaintiff was caused to slip and fall due to dangerous condition(s) including but not limited to the following: (1) defective floors; (2) water, slippery/foreign substances and/or debris on the floor; (3) absence of non-slip floor matting; (4) flooring materials that were excessively slippery; (5) presence of excessive wax and/or floor sealant; (6) flooring materials that were uneven, broken, cracked, dilapidated, etc. and/or (7) inadequate illumination and thereby sustaining severe injuries as hereinafter set forth, due to the negligence of the defendant herein.

6.  The defendant, at all relevant times, and for many hours and days prior thereto, caused, created, allowed and/or permitted said dangerous condition to remain.

7.  The defendant knew or should have known of said dangerous condition.

8.  The defendant, at the time of the accident, negligently caused, created, allowed and/or permitted said dangerous condition and failed to take corrective action. The defendant had actual and constructive notice of the condition on the day of the accident.

9.  That TARGET CORPORATION owned or leased said location.

10. That TARGET CORPORATION operated said location.

11. That TARGET CORPORATION managed said location.

12. That TARGET CORPORATION maintained said location.

13. That TARGET CORPORATION controlled said location.

14. That TARGET CORPORATION through its acts and/or omissions inadequately and/or improperly owned, operated, managed, maintained and controlled said location.

15.  That TARGET CORPORATION through its acts and or omissions, negligently, carelessly, inadequately and or improperly repaired/cleaned/inspected and or failed to repair/clean/inspect said location.

16.  That the defendant herein was at all times under a duty to keep the aforementioned lands and/or premises in a safe, proper and secured manner to prevent injury to the plaintiff and others and free from dangerous conditions.

17.  That the defendant, its agents, servants and/or employees thorough their acts and/or omissions were careless and negligent in the ownership, operation and control of the aforesaid premises; in causing, allowing and/or permitting the aforesaid premises to become and remain in dangerous condition, dilapidated, unmaintained, negligent, improper and/or unsafe condition; in failing to make proper, adequate, timely and necessary cleaning; in causing, allowing and/or permitting aforesaid premises to be and remain in a hazardous condition; in failing to make proper, timely and adequate inspection thereof; in failing to maintain the aforesaid premises in a proper manner; in the negligent and dangerous design, installation, maintenance and management of the aforesaid area; in failing to set up proper safeguards and/or barriers; in allowing and/or failing to amend a reoccurring condition and dangerous condition; in failing to warn persons lawfully traversing the area of the aforesaid dangerous and hazardous condition; in failing to have sufficient and adequate manpower; in failing to protect invitee of said area; in creating a nuisance or trap; in failing to provide and/or use proper equipment; and in otherwise failing to use due care, caution and prudence on the premises.

18.  That as a result of the foregoing, the plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an

effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

19. That this occurrence and the injuries sustained by the plaintiff were caused by the negligence of defendant.

20. That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

21. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "21", as if the same were fully hereinafter set forth at length.

23. That the defendant's conduct as earlier described was negligent and careless in *inter alia*:

   (a) Failing to take proper precautions for the safety and wellbeing of the plaintiff;

   (b) That the defendant was negligent in the hiring, screening, training, and supervising of its employees, agents, contractors, etc.,

   (c) Failing to adopt appropriate procedures for the protection of customers and patrons;

   (d) Negligence at law.

24. That the defendant should have known that its failure in such regards would cause harm.

25. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendant on the First and Second Causes of Action together with interest and the costs and disbursements of this action.

Dated: New York, New York
July 1, 2020

*Mark J. Linder*
Mark J. Linder, Esq.
**HARMON, LINDER & ROGOWSKY**
Attorneys for Plaintiff
3 Park Avenue, 23rd Floor, Suite 2300
New York, NY 10016
ACD

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                          ) ss:
COUNTY OF NEW YORK )

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record or of counsel with the attorney(s) of record for the plaintiff.

I have read the annexed SUMMONS AND VERIFIED COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief. As to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon the following:

Interviews and/or discussions held with the plaintiff(s) and papers and/or documents in the file.

The reason I make this affirmation instead of the plaintiff is because said plaintiff resides outside of the county from where your deponent maintains his office for the practice of law.

Dated:    New York, NY
             July 1, 2020

*Mark J. Linder*

Mark J. Linder, Esq.

Index No.:                                             Year:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------------

ANGELICA JIMENEZ,

                                                       Plaintiff(s),

        -against-

TARGET CORPORATION,

                                                       Defendant(s).
-------------------------------------------------------------------------------

**VERIFIED SUMMONS AND COMPLAINT**

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665   Fax: (212) 732-1462

To:
Attorney(s) for

Service of a Copy of the within                        is hereby admitted.

Dated:
                                                       Attorneys for

PLEASE TAKE NOTICE:

NOTICE OF     That the within is a (certified) true copy of a
ENTRY         entered in the office of the clerk of the within named Court on          20___

NOTICE OF     that an Order of which the within is a true copy will be presented for settlement to the
SETTLEMENT    Hon.            one of the Judges of the within named Court, on
              20___, at     M.

Dated:

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665   Fax: (212) 732-1462